UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Plaintiff,                  **ORDER**

  -against-                  Criminal Action
                              No. CR-00-1114
JORDAN BELFORT, et al.

                           (Gleeson, J.)
        Defendant.

- - - - - - - - - - - - - - - - - - -X

       WHEREAS, the Court imposed a judgment of restitution in the amount of $200,425,851.31, plus interest against defendant Daniel Porush ("Porush") on June 10, 2002, in the above-captioned action, and

       WHEREAS, the Court imposed a judgment of restitution in the amount of $110,362,993.87, plus interest against defendant Jordan Ross Belfort ("Belfort") on October 14, 2003, in the above-captioned action, and

       WHEREAS, pursuant to plea agreements with the United States, Porush and Belfort were require to forfeit certain properties (the "Forfeited Property") with an estimated value of $11,000,000, and

       WHEREAS, on April 11, 2002, the Court "so ordered" the Second Amended Stipulation And Order Appointing The Trustee For the Liquidation of Stratton Oakmont, Inc. To Distribute The Forfeited Proceeds  (the "Second Amended Stipulation") in the above-captioned case, which provided, among other things, that

the net proceeds of the moneys forfeited by the defendants Porush
and Belfort constitute a Restitution Fund to be distributed to
the victims of the offense of conviction, and

WHEREAS, the Second Amended Stipulation further
provided that the United States Marshals Service transfer the
Restitution Fund to Harvey R. Miller, Esq., as Trustee
("Trustee") for the Liquidation of Stratton Oakmont, Inc.
("Stratton Oakmont Liquidation"), and

WHEREAS, the Trustee distributed nearly $11,200,000 of
the funds collected in the instant case from the Restitution Fund
to a total of 1,513 victims, and

WHEREAS, the Trustee subsequently returned
approximately $460,000 to the Clerk of Court (the "Transferred
Funds"), representing amounts that could not be distributed
because certain of the claimants could not be located or did not
accept the proffered funds, and

WHEREAS, the Stratton Oakmont Liquidation has
terminated, and

WHEREAS, the Trustee provided the Clerk of
Court with the names, addresses, and loss amounts for the victims
(the "Trustee Victim List"), and

WHEREAS, pursuant to 18 U.S.C. § 3613, defendants
Porush and Belfort remain liable for the outstanding balance of
the restitution judgment, which shall be paid to the Clerk of the

3

Court for distribution,

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1.    The Transferred Funds shall be distributed by the Clerk of the Court to the victims identified in the Trustee Victim List.

2.    The Clerk of the Court shall distribute any and all payments made by or on behalf of defendants Porush and Belfort toward the restitution judgment to the victims identified in the Trustee Victim List.

Dated:    Brooklyn, New York
                        , 2006


_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE