

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 2, 2014

<u>By ECF and Hand</u>
Honorable John Gleeson
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States of America v. Jordan Ross Belfort,</u>
             <u>Criminal Docket No. CR-98-0859 (EDNY)(JG)</u>

Dear Judge Gleeson:

      In accordance with the Court's March 27, 20143 Order, the United States responds to Larry Posner's March 20, 2014 letter and objects to the request set forth therein for "a copy of the victims's [sic] names and corresponding individual damages that Mr. Belfort owes in restitution as a result of his crimes." In his letter, Mr. Posner states both that he has personally spoken to some victims and that he would like to contact other individuals to get their permission to report their stories. Both the United States Attorney's Office and the Clerk of the Court are in possession of the requested information.

      The Crime Victims' Rights Act (the "CVRA"), 18 U.S.C. § 3771, the Mandatory Victims' Restitution Act (the "MVRA"), 18 U.S.C. 3663A, <u>et</u> <u>seq</u>., the Attorney General's Guidelines, and the Privacy Act of 1974, 5 U.S.C. 552a, each concerns, at least in part, the rights of and protections for individuals whose information is in the possession of the government. As set forth below, the United States objects to the release of the requested information in order preserve those rights and protections and because to the extent Mr. Posner wants the requested information, he has other avenues for obtaining it.

      The CVRA sets forth some of the rights of crime victims. Among those rights are the "right to be reasonably protected from the accused" and the "right to be treated with fairness and respect for the victim's dignity and privacy." <u>See</u> 18 U.S.C. § 3771(a)(1) and (8). Moreover, the CVRA authorizes the attorney for the government as well as the victim to enforce the rights granted under it. 18 U.S.C. § 3771(d)(1). These rights are consistent with the language set forth in the MVRA that provides that "[n]o victim shall be required to participate in any phase of a restitution order." <u>See</u> 18 U.S.C. § 3664(g). The release of the requested information tramples on those rights. Making the names and loss amounts

available to Mr. Posner and/or the public, may well subject the victims to unwanted contact and attention, embarrassment, and to being victimized yet again.[1]  As a producer of a well-known television newsmagazine show, which also has an online presence, Mr. Posner is well able to use the media to solicit victims to come forward and contact him should they be interested in being part of his report.

       The Attorney General Guidelines for Victim and Witness Assistance (AG Guidelines) establishes guidelines to be followed by officers and employees of the U.S. Department of Justice ("DOJ") with respect to the treatment of victims of and witnesses to crime.  See AG Guidelines 2011 Edition (Rev. May 2012).  Article II. C.1. cautions DOJ employees to be "mindful of the privacy concerns" of victims.  Article II.C.3. specifically addresses the release of information to the media and advises DOJ employees to "use their best efforts to refrain from releasing personal to the press or public."  In that context, "personal or confidential information may include an individual's name, address, contact information, other identifying information or other information or material that may allude to the identity of the victim or witness."  Without a clearly articulated need for the requested information and a showing that the information is otherwise not obtainable, the privacy concerns of the victims should take precedence over Mr. Posner's request.[2]

       The Privacy Act also provides support for the withholding of the requested information.  "[T]he [Privacy] Act 'safeguards the public from unwarranted collection, maintenance, use, and dissemination of personal information contained in agency records ... by allowing an individual to participate in ensuring that his records are accurate and properly used.' " Boehm v. F.B.I., 948 F.Supp.2d 9, 18 (D.D.C.,2013) (citing McCready v. Nicholson, 465 F.3d 1, 7–8 (D.C.Cir.2006)(other citations omitted).  The requested information was collected and maintained in order to determine the amount of restitution to be imposed and to facilitate the disbursement of the any monies collected pursuant to the judgment imposed against the defendant.  Mr. Posner's stated purpose for the requested information should not outweigh the safeguards provided by the Privacy Act.

---

[1] Victim lists are sometimes referred to as "sucker" lists.  They are bought and sold by fraudsters on the theory that someone who has been defrauded previously is an easy target for other scams.  See  https://www.consumer.ftc.gov/articles/0102-refund-and-recovery-scams.

[2] Mr. Posner has requested only the names and loss amounts of the victims.  To the extent that he wants to contact the victims, the names alone will likely be of little use to him although the release would still intrude on the privacy of the victims.  Moreover, the victim list includes contact information and it would take substantial effort to create a list that is devoid of that information.  To the extent Mr. Posner also wants contact information, providing that information would be an even greater intrusion into the privacy of the victims than would merely providing the names.

The rights granted to victims under the CVRA and the MVRA, the concerns set forth in the AG Guidelines, and the safeguards provided by the Privacy Act form the basis for our objection to the release of the requested information.  Mr. Posner's acknowledgment that he has already spoken to some of the victims, the fact that a number of victims and/or counsel have already spoken to the press and are already known to the public and Mr. Posner, and Mr. Posner's ability to find other ways to contact victims lend further support .  Accordingly, the United States objects to the release of the requested information, and respectfully requests that the Court deny Mr. Posner's request.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:      /s/
    BETH P. SCHWARTZ
    Assistant U.S. Attorney
    (718) 254-6017

cc: <u>By ECF and first class mail</u>
Robert L. Begleiter,  Esq.
Schlam, Stone & Dolan LLP
26 Broadway
New York, NY 10004

Nicholas M. DeFeis, Esq.
DeFeis O=Connell & Rose P.C.
500 Fifth Avenue, 26th Floor
New York, NY 10110

<u>By First Class Mail</u>
Steven B. Caruso, Esq.
Maddox Hargett & Caruso, P.C.
80 Broad Street, 5th Floor
New York, NY 10004

John T. Kilroy
1132 River Forest Drive
Maineville, OH 45039

Diane A. Nygaard, Esq.
Kenner Nygaard DeMarea Kendall, LLC
117 West 20th Street, Suite 201
Kansas City, Missouri 64108