

APR - 9 2014
CHAMBERS OF JUDGE GLEESON

Via Facsimile and USPS

April 9, 2014

Honorable John Gleeson
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: United States of America v. Jordan Ross Belfort,
        <u>Criminal Docket No. CR-98-0859 (EDNY)(JG)</u>

Dear Judge Gleeson:

I am respectfully writing to respond to U.S. Attorney Loretta Lynch's objection to Inside Edition's request for the names of, and the damages incurred by, the people who have been victimized by Jordon Ross Belfort.

For your information, Inside Edition is a daily syndicated news broadcast carried by more than 160 stations around the country and seen by 4 - 5 million viewers each day. Our broadcast has been honored for excellence with numerous prestigious journalistic awards including: The National Press Club Award, The Polk Award, The Sigma Delta Chi Award (presented by The Society of Professional Journalists), The Overseas Press Club Award, The Investigative Reporters and Editors Award, The Deadline Club Award, The National Headliner Award and more.

We make this request in the public interest as part of our research and reporting on the Jordon Belfort case, which is extremely newsworthy. Not only has a major motion picture been made about how Belfort defrauded his victims but there has also been extensive coverage about whether justice has been served in light of claims that some of Belfort's victims may have not received full restitution while he appears to live a luxurious lifestyle. Contrary to the U.S. Attorney's assertions, we cannot obtain the information we are requesting through other avenues. Only a handful of the fifteen hundred victims have been publicly identified. Our intention is not to publish this raw information, but rather to contact some of the victims to request an interview with them about the fraud they have endured, as well as their satisfaction, or lack thereof, with the

555 West 57th Street • Suite 1300 • New York, New York 10019 • (212) 586-1213 • FAX (212) 586-1217 • FAX (212) 586-1218

restitution they have obtained to date. Any of the victims who would ultimately appear in our broadcast as a result of this request would do so of their own free will. Why would the U.S. Attorney want to prevent them from having that opportunity? Our intention is to allow victims to make their own decisions as to whether they want to participate in our report.

The First Amendment has generally protected public access to court proceedings if such access has historically been available and serves an important function in the democratic function of government such as enhancing the appearance of fairness so essential to public confidence in the court system. We submit that the same reasoning should be applied to the records we are requesting here. It has been our experience that except in limited circumstances, such as victims of sexual offenses and cases involving juveniles, the names of crime victims, financial and otherwise, have routinely been matters of public record and/or made public by the courts and prosecutors.

The government's citation to 18 U.S.C.S. § 3771 (a) (1) is inappropriate since that section explicitly states that a crime victim has the right to be "protected from the accused." Inside Edition is not the accused in this case. Indeed, the accused most likely already knows the names of his victims since he or his company was their broker. We further submit that the government's reliance on the Attorney General guidelines is also inappropriate and should not be followed by this Court. The guidelines are not rules of law binding on this Court or directed at the public. Rather they are directions issued by the Attorney General aimed at guiding the behavior of its own employees.

The suggestion by the government that we should blindly solicit victims is absurd. Clearly, the most effective way to obtain an accurate list of victims is through court records. Also, it is particularly disingenuous and inflammatory for the government to equate Inside Edition's journalistic request with an attempt to obtain a "sucker list" of "easy targets" commonly used by fraudsters. Belfort, not Inside Edition, is the criminal here. We are exercising our First Amendment rights to investigate whether the victims of a major criminal have received justice.

In the alternative the government submits that it would "take substantial effort" for it to create a separate list removing contact information of the victims. First, we believe the government is overstating its case. In light of today's technology it is likely that creating a modified list is a simple thing to do. Even if some effort is required to create such a list, the public interest in gaining access to these documents should prevail. Secondly, we submit that in light of the First Amendment concerns raised by our request, even if the Court finds there is a legitimate privacy concern, this Court should require that the government use the most narrowly tailored means to carry out such concerns. At a minimum, requiring the government to provide the names and damages but redacting information such as phone numbers or dates of birth would satisfy such a standard.

We thank the Court for its careful consideration of our request and submit that the information we have requested should be released to Inside Edition in the public interest and on First Amendment grounds. As seasoned journalists, we assure that this

information will be handled responsibly and professionally in pursuit of important news reporting.

Respectfully,

*Larry Posner* (signature)

LARRY POSNER
Investigative Producer
Inside Edition
(212) 817-5532
lposner@kingworld.com

cc:   Via Email
      Beth P. Schwartz, Assistant
      U.S. Attorney Eastern District of New York
      271 Cadman Plaza East
      Brooklyn, New York 11201



## FAX COVER SHEET

DATE: 4/9/14
TIME: 2:40 pm

TO: Honorable John Gleeson

COMPANY: _____

FAX #: 718-613-2316

FROM: LARRY Posner

NUMBER OF PAGES (including cover): 4

ADDITIONAL COMMENTS:

555 West 57th Street • Suite 1300 • New York, New York 10019 • (212) 586-1213 • FAX (212) 586-1217 • FAX (212) 586-1218