

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

September 26, 2017

By ECF and Interoffice Mail
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States of America v. Jordan Belfort,*
      Criminal Docket No. CR-98-0859 (AMD) (E.D.N.Y.)

Dear Judge Donnelly:

      We write to notify the Court of the deposition of Marc Grebe, a non-party witness in the above-referenced case, taking place tomorrow morning at 10:00AM, and to inform the Court of a discovery dispute with the deponent's attorney, Deborah A. Klar. Ms. Klar has informed our office that she is admitted to practice law in California and in New York. However, it appears that Ms. Klar is not admitted to practice in the Eastern District of New York.

      As a result, it is our position that Ms. Klar does not have standing to interpose objections during the deposition or to argue the merits of a discovery dispute before the Court, as these are actions that may only be taken by an attorney admitted to practice in the relevant jurisdiction. Representing a witness at a deposition, and taking the aforementioned actions on behalf of the witness, constitutes making an appearance in the proceedings of the above-referenced case as a practicing attorney. It is our position that this falls within the scope of practicing before the Court. It should be noted that we have no objection to Ms. Klar attending the deposition with Mr. Grebe, a point we have made with Ms. Klar on several occasions.

      By way of background, Mr. Grebe is an employee of certain business entities in which the debtor-defendant Jordan Belfort (the "defendant") has an interest. We arranged Mr. Grebe's deposition in agreement and coordination with the defendant's attorney, Shepard S. Kopp. It was only on the morning of Friday, September 22, 2017, that Mr. Kopp informed the undersigned that Mr. Grebe would be represented at his deposition by Ms. Klar. After learning of Ms. Klar's representation, I emailed Ms. Klar Friday at approximately noon to confirm: (1) that she was representing Mr. Grebe, (2) that Mr. Grebe would be appearing for a deposition on Wednesday, September 27, 2017, and (3) that Ms. Klar was admitted to

practice in the E.D.N.Y. In a response to my email, Ms. Klar did not address any of my inquiries.

   Later on Friday, I spoke with Ms. Klar by telephone. I again asked her if she was admitted to the E.D.N.Y. and Ms. Klar responded that she did not recall. I replied by noting my office's position that, if Ms. Klar is not admitted to the E.D.N.Y., she would not have standing to interpose objections or, if necessary, argue any discovery disputes which arose during the course of the deposition before the Court. Ms. Klar informed me that she would look into the issue. I followed up with Ms. Klar by emailing her on Friday evening, to reiterate this position and to request that she inform me if she disagreed with this position.

   Ms. Klar did not inform me that she disagreed with our position until Monday afternoon, when she requested that our office "waive" any objections to her interposing objections during the deposition tomorrow. We declined to do so. It is not for our office to determine who should be authorized to practice before the Court. Moreover, as an officer of the Court, I do not believe that I can knowingly disregard the fact that an attorney is practicing in a jurisdiction to which they are not admitted.

   We apologize that this letter is necessary. Ms. Klar called me at approximately 4:40 to inform me that she was filing a letter with the Court and to obtain this office's position on her forthcoming request. As we were discussing the specifics of this office's position with respect to her application, Ms. Klar abruptly informed me that she had another telephone call, which she needed to take. I sent an email to Ms. Klar, requesting that she provide me with a copy of any letter she planned to file, to the extent she was making a representation about my office's position. Ms. Klar declined to do so, and informed me that I could file a responsive letter, if I deemed it necessary.

   As Ms. Klar has not informed me what time she is planning to file her letter, and she has not otherwise discussed the contents of her request, I provide this letter to note for the Court our position with respect to Ms. Klar and the scope of her ability to participate in tomorrow's deposition. We thank the Court for it's consideration of this issue.

           Respectfully submitted,

           BRIDGET M. ROHDE
           Acting United States Attorney

   By:  /s/
       Peter A. Laserna
       Assistant U.S. Attorney
       (718) 254-6152

cc: Deborah A. Klar, Esq. (by email)

   Shepard S. Kopp, Esq. (by email and ECF)