**WILMERHALE**

**Sharon Cohen Levin**

+1 212 230 8804 (t)
+1 212 230 8888 (f)
sharon.levin@wilmerhale.com

January 24, 2018

**By ECF**

The Honorable Ann M. Donnelly
United States District Court for the
   Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:      *United States v. Belfort,* Case No. 98-cr-00859-AMD

Dear Judge Donnelly:

      As counsel for Defendant Jordan Ross Belfort in the above-referenced matter, I write to respond to the government's January 19, 2018 letter in which the government requests that the Court direct Mr. Belfort to submit legal and evidentiary support for his claimed exemption in advance of any hearing and deny Mr. Belfort's request for a transfer of the garnishment proceedings. (ECF No. 210.)

      To the extent that it would be helpful to the Court, we would be pleased to provide the Court a memorandum in advance of any hearing setting forth the legal and factual basis for our claim that Mr. Belfort's earnings under his contract with Delos fall within the protections of the Consumer Credit Protection Act and are therefore subject to the limitations on garnishment under that Act. To the extent the government contends it is unaware of the legal and factual basis for Mr. Belfort's position, counsel notes that on December 14, 2017, counsel provided the government with an email memorandum explaining the legal and factual basis for our position for the purpose of furthering negotiations between the two parties. On December 19, 2017, the government informed counsel that it no longer wished to engage in negotiations. Mr. Belfort stands ready to resume negotiations and resolve pending matters should the government wish to re-engage in such discussions.

      The government opposes transfer of the instant garnishment proceedings to the Central District of California on the basis that: Mr. Belfort has not shown good cause for the transfer; any transfer would inconvenience the government; and that such a request is untimely. None of these arguments are persuasive. First, Mr. Belfort does not have the burden to show good cause for transferring this case "to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). The plain language of the statute indicates that a transfer to the debtor's home district is automatic or mandatory if requested. *See In re New York Trap Rock Corp.*, 158 B.R. 574, 576 (S.D.N.Y. 1993) ("28 U.S.C. § 3004 . . . provided for automatic transfer to the district of the defendant's residence . . . ."); *see also United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999) (holding that transfer under § 3004(b)(2) is mandatory). Even courts that have concluded that transfer is discretionary have nevertheless found that the burden is on the government to demonstrate good cause for *denying* the transfer request. *See United States v. Mathews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) (citing cases). The government has not carried its burden.

WILMERHALE

January 24, 2018
Page 2

      The instant garnishment proceedings involve limited issues of law and fact regarding Mr. Belfort's claimed exemption from the writ of garnishment. This question of law stands separate and apart from Mr. Belfort's criminal conviction and the post-judgment issues that are the subject of ongoing litigation. Transfer of the garnishment proceedings to resolve this circumscribed question may be accomplished without disruption. Further, Mr. Belfort resides in the Central District of California, not New York, and can more readily partake in the resolution of these garnishment proceedings and any hearing in this matter if he is not required to travel cross-country. Counsel for Mr. Belfort works at a law firm with offices nationwide, including an office in Los Angeles, with attorneys qualified to appear before the United States District Court for the Central District of California. Counsel is willing and able to work from Los Angeles and enlist the assistance of firm colleagues in Los Angeles to ensure that any transfer would not interrupt the course of Mr. Belfort's representation in these proceedings. The government, too, has an office in Mr. Belfort's home district: the United States Attorney's Office in the Central District of California is surely equipped to handle the limited issues presented in the instant garnishment proceedings.

      Moreover, the authority on which the government relies to oppose the transfer request is unavailing. The government cites an unreported decision from the Eastern District of North Carolina, arguing that "[t]he sentencing court, which has presided over this case to date, is in the best position to ensure that its judgment is enforced in an efficient manner . . . ." *United States v. Woods*, No. 5:05-CR-00131-FL, 2010 WL 2510083, at *2 (E.D.N.C. Apr. 9, 2010), *report and recommendation adopted*, No. 5:05-CR-131-FL-1, 2010 WL 2465244 (E.D.N.C. June 17, 2010), *aff'd*, 413 F. App'x 664 (4th Cir. 2011). *Woods* is readily distinguishable because, unlike here, the court in *Woods* presided over the defendant's criminal trial, sentenced the defendant, had already heard argument on the defendants' exemption claims, and the requested transfer in *Woods*—from the Eastern to the Middle District of North Carolina—was no great distance for defendants to traverse. *Id.* Neither of these factors is present here. Mr. Belfort's claimed exemption has not been briefed or argued, so there is no risk of duplication or inefficiency; and Mr. Belfort lives in Los Angeles, almost 3,000 miles away. Contrary to the government's claims, the instant effort to seek transfer is not an attempt to delay or frustrate proceedings. To this point, counsel has been responsive to the government and engaged in good-faith negotiations to resolve the garnishment issues without involving the Court. Although the government has now terminated negotiations, Mr. Belfort stands ready to work to a resolution in this matter. Mr. Belfort fully expects that the garnishment-related issues may be expeditiously addressed following a transfer of these proceedings to his home district.

      Moreover, Mr. Belfort timely filed his request for a transfer of the instant garnishment proceedings. The government's formalistic reading of Mr. Belfort's request for an extension of time to respond to the writ of garnishment does not comport with a commonsense reading of the record. Given that Mr. Belfort's current counsel, the undersigned, was new to the matter at the time the request was filed, the extension request was clearly intended to extend the deadline for all

WILMERHALE

January 24, 2018
Page 3

possible responses to the writ of garnishment.  Counsel was retained the week of December 4, 2017 and filed Mr. Belfort's request for an extension of time two days later, after unsuccessfully attempting to negotiate an extension of time with the government.  (ECF Nos. 200, 201.)  Counsel sought an extension of time to file "any response" to the writ of garnishment in part because counsel "was only retained by Mr. Belfort this week and require[d] additional time to prepare . . . ."  The request for an extension of time clearly encompassed "any response" to the writ of continuing garnishment.

Counsel did not separately enumerate requests for an extension of time to seek a hearing and/or to seek transfer because no clarification was necessary: the premise for the extension was to have newly-retained counsel become apprised of the pertinent issues before filing a response.  Indeed, the Court's order granting the extension of time did not slice the request so finely: the Court ordered the defendant "to respond to the writ of garnishment by December 20, 2017."  (Dec. 7, 2017 Minute Order Granting Extension of Time.)

The government premises its entire argument that defendant's request is untimely on the fact that counsel requested an extension "pursuant to 28 U.S.C. § 3202(d)."  (ECF Nos. 201, 210.)  Notably, the instructions included with Mr. Belfort's Writ of Garnishment lack the rigidity that the government reads into 28 U.S.C. § 3202(d).  The instructions Mr. Belfort received state that during a hearing, the debtor "may also explain why [he] want[s] the proceeding to be transferred," collapsing the distinction that the government is attempting to draw between a request for a transfer, and a request for a hearing to discuss the issues enumerated in 28 U.S.C. § 3202(d).  (ECF No. 198, page 7.)  It stands to reason that counsel would require additional time to investigate and research all possible arguments that could be raised at a garnishment hearing—including whether transfer is appropriate—before determining whether to request a hearing at all.  Mr. Belfort requested a general extension of time to file a response to the writ of garnishment; the Court granted the general extension of time to file a response to the writ of garnishment; and Mr. Belfort timely filed his response requesting a hearing and transfer.

\* \* \*

**WilmerHale**

January 24, 2018
Page 4

For the aforementioned reasons, Mr. Belfort respectfully requests that the Court order a transfer of the instant garnishment proceedings to the United States District Court for the Central District of California.

Respectfully Submitted,

/s/ *Sharon Cohen Levin*
_____
Sharon Cohen Levin
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. 212-230-8800
Fax 212-230-8888
sharon.levin@wilmerhale.com

cc:   All counsel (via ECF)