**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

JORDAN ROSS BELFORT,

       Defendant,

  and

DELOS LIVING, LLC,

       Garnishee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Criminal Case No. 1:98-cr-00859-AMD

**(CORRECTED COPY)**
**DEFENDANT'S SUPPLEMENTAL**
**MEMORANDUM IN RESPONSE TO**
**THE APPLICATION FOR WRIT OF**
**<u>CONTINUING GARNISHMENT</u>**

  Defendant, Jordan Ross Belfort, submits this supplemental memorandum to advise the Court that since the filing of the Defendant's Memorandum in Response to the Application for Writ of Continuing Garnishment on March 14, 2018 (the "March 14, 2018 Memorandum"), ECF No. 215, JB Global Holdings LLC's ("JBGH"), and its two principals, Mr. Belfort and Anne Koppe, entered into a Termination and Release Agreement ("Termination Agreement") with Delos Living, LLC ("Delos"), which sets forth the post-termination rights and obligations of JBGH and Delos under the Referral Agreement (as defined in our original submission). A copy of the Termination Agreement is attached as Exhibit A to the Declaration of Sharon Cohen Levin in Support of Defendant's Supplemental Memorandum in Response to the Application for Writ of Continuing Garnishment.

The Termination Agreement provides for payment of the compensation set forth in the Referral Agreement dated September 9, 2016 and the Award Agreement dated November 5, 2014.  *See* Exhibits A and B to the Declaration of Sharon Cohen Levin in Support of the Defendant's Memorandum in Response to the Application for Writ of Continuing Garnishment, ECF No. 216.  The cash and/or units to be paid to JBGH by Delos are for services performed by Mr. Belfort.  The Termination Agreement does not change the nature of the compensation to be paid to Mr. Belfort for the work he performed.  Accordingly, Mr. Belfort's compensation as set forth in the Referral Agreement, the Award Agreement and the Termination Agreement represent earnings and under the Consumer Credit Protection Act ("CCPA") and are subject to the 25% limitation on garnishment under the CCPA.

## **CONCLUSION**

For the reasons set forth in the March 14, 2018 Memorandum, Mr. Belfort respectfully requests that the Court order that any payments (either units or cash) that Mr. Belfort receives from Delos through JBGH for the work he performed for Delos qualify as "earnings" under the CCPA and are thus subject to the 25% garnishment limitations under the CCPA.[1]

Dated: New York, New York
March 19, 2018

Respectfully submitted,

*/s/ Sharon Cohen Levin          .*
Sharon Cohen Levin
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8804
Fax: (212) 230-8888
Email: Sharon.Levin@wilmerhale.com

*Attorney for Jordan Ross Belfort*

---

[1] Because Mr. Belfort holds a 50% interest in JBGH, the 25% garnishment limitation on Mr. Belfort's earnings would result in a 12.5% garnishment limitation on the total fees paid to JBGH.